Argued and submitted November 20, 1985, affirmed July 2, 1986

In the Matter of the Compensation of
Loretta C. Loehr, Claimant.

LOEHR,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE
CORPORATION et al,
*Respondents.*

(WCB 83-10921; CA A35420)

721 P2d 476

W. D. Bates, Jr., Eugene, argued the cause and filed the brief for petitioner.

Craig A. Crispin, Portland, argued the cause for respondents. With him on the brief were Jonathan T. Harnish, and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits,* Judges.

DEITS, J.

---

* Deits, J., *vice* Warden, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order denying her benefits for an allegedly work related condition of her left wrist. We affirm.

Claimant, who was 35 years old at the time of the hearing, began working as a billing clerk for McCracken Motor Freight on May 2, 1983. On October 20, 1983, while working at a computer terminal, she extended her little finger to touch a key and felt a sharp pain in her left wrist. She reported the pain to her supervisor and stopped the data entry work. The following day she sought treatment from her family physician, Dr. Williams, but in his absence was seen by Dr. Albright. He diagnosed "typical tendonitis" and noted that claimant had had a "similar problem" five months earlier, on May 1, 1983, when she had been seen in an emergency room for sharp left wrist pain. Williams saw claimant five days after the incident at work. He diagnosed flexor-ulnar tendonitis, prescribed medication and a splint and took claimant off work until the condition improved. She was referred to two orthopedic surgeons, neither of whom offered an opinion concerning causation of the condition.

The referee found claimant to be credible and concluded that there was no medical evidence to indicate that the tendonitis was not related to her work. The referee ordered the insurer to accept the claim and awarded a 25 percent penalty and attorney fees for unreasonable denial.

The insurer appealed, and the Board reversed, finding that Williams' opinion was unpersuasive in the light of claimant's earlier problems with her left wrist. The Board concluded:

"We do not find Dr. Williams' opinion persuasive. Considering claimant's medical history, we think it was incumbent upon her to submit an expert analysis of her prior left wrist problems, distinguishing them from her current complaints. Moreover, a discussion of the potential contribution, if any, from claimant's 'stroke' and import business duties would also have been enlightening. In the absence of a cogent analysis and conclusion from a medical expert on this complex and pivotal issue of causation, claimant's attempts at a distinction between her prior and current left wrist problems are unpersuasive."

■     The key issue is whether claimant proved by a preponderance of the evidence that her work activities were either a material contributing factor in producing the injury or the major contributing cause of a disease or worsening of a preexisting condition. We conclude that claimant did not sustain her burden of proof.

■     The evidence supporting the conclusion that her work activities caused the disability or condition consists primarily of testimony by claimant explaining how the condition occurred and what action she took following the incident. The medical evidence consists of bare conclusions and does not provide any explanation of how her work activities caused her condition. In his medical report Williams diagnosed claimant's condition as flexor-ulnar tendonitis and checked "yes" in response to the question on the form "Is condition work related?" However, Williams' explanation of his medical report in later correspondence with the employer indicates that his opinion regarding medical causation is not entitled to much weight.

On November, 7, 1983, the employer wrote Williams stating the reasons for the denial and asking him to explain why he believed claimant's condition was related to her work. The employer explained the denial:

> "Our main reasons for denying this claim are that she was treated May 1, 1983 for a similar, if not the same, type of complaint but denied this information when we asked her. She was not employed by McCracken Motor Freight at that time. Secondly, we are aware of her involvement with her own company and question the amount of exposure on that job that would contribute to her problem. Last, it seems that her condition would improve without use of her left wrist and although she has been off work since October 20, 1983 her condition apparently remains unchanged."

In his response Williams stated that he did not "quarrel with any of the points made" and explained that he based his opinion regarding the injury being work related "on the statements made by the patient, as she very clearly indicated to me that she felt her job as the biller was the reason for her distress."

■     Other evidence indicates that claimant had suffered from similar left wrist pain before this employment. Although

she testified, in response to a question as to whether she had had previous problems with her left wrist, that she had not had tendonitis before, she did have a history of similar problems with her left wrist. In October, 1979, she complained to her doctor of a sore left ulnar styloid. During her May 1, 1983, visit to the emergency room she complained of sharp left wrist pain and deformity of the ulna. The notes of the physician who treated her immediately following her October, 1983, injury indicate claimant "had similar problems in May this year."

We conclude that claimant has not sustained her burden of proof of establishing the required causal connection between her work activities and the condition. Although she refers to her complaint as an "injury," it does not appear to be the sort of injury the cause of which can be determined by a nonexpert. Her history of similar complaints calls for *some* explanation of the causal relation between her work activities and her tendonitis. Her physician's conclusory statement is simply not sufficient. Claimant has not proven that her work activities were either a material contributing factor in producing her injury or the major contributing cause of a disease or worsening of a preexisting condition. *See Moe v. Ceiling Systems,* 44 Or App 429, 606 P2d 644 (1980).

Affirmed.